IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD NELSON PETERS,** : | CIVIL ACTION NO. 1:22-CV-1345 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **BOBBI SALAMON,** *et al.*, : | |
| : | |
| Respondents : | |

**MEMORANDUM**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner, Edward Nelson Peters, challenges an October 29, 2019, sentence imposed by the Dauphin County Court of Common Pleas for violation of a sentence of probation arising from a 2009 criminal conviction. In accordance with United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005), we raised the issue of timeliness and required Peters to show cause as to why the case should not be dismissed as untimely. Upon consideration of the petition and Peters' response to the order to show cause, we conclude that the petition is timely, but we will dismiss the petition without prejudice because Peters has failed to exhaust state court remedies.

**I.    Factual Background & Procedural History**

In 2008, Peters was charged with several crimes arising from the sexual abuse of his stepdaughter for a six-year period beginning when she was six years old. Commonwealth v. Peters, 266 A.3d 603, 603 (Pa. Super. Ct. 2021). On October 13, 2009, he entered a negotiated guilty plea to charges of involuntary deviate sexual intercourse with a child, aggravated indecent assault of a complainant less than 13

years old, indecent assault of a person less than 13 years old, indecent exposure, corruption of minors, selling or furnishing liquor to minors, and unlawful contact with a minor.  Id.  He was sentenced to three and a half to ten years in prison followed by a consecutive sentence of seven years of probation.  Id.  Peters did not file a direct appeal of his conviction, but he sought state post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on June 7, 2010.  Id.  The court of common pleas dismissed the PCRA petition, and the Pennsylvania Superior Court affirmed on December 4, 2012.  Id.  Peters did not seek further review before the Pennsylvania Supreme Court.

Nearly seven years later, on October 29, 2019, the Commonwealth conducted a hearing for an alleged violation of Peters' probation.  Id.  A probation officer received information that Peters was with a minor child in violation of the terms of his probation.  Id.  The probation officer went to Peters' purported residence and took him into custody.  Thereafter, Peters was found guilty of violating his probation.  Id.  He did not raise any objections to the probation officer's presence in his residence or detainment of him during the violation of probation hearing.  Id.  The court of common pleas imposed a new sentence of 4-10 years of imprisonment and a consecutive term of seven years of probation for the violation.  Id.

Peters did not file a direct appeal of the violation of probation sentence, but on January 16, 2020, he sought relief under the PCRA.  Commonwealth v. Peters, 241 A.3d 374, 374 (Pa. Super. Ct. 2020).  Peters asserted that Dauphin County probation officers lacked jurisdiction to arrest him in Perry County, that the officers did not have a warrant to arrest him, and that the officers lacked authority to enter

his residence. Peters, 266 A.3d at 603. The court of common pleas announced its intention to dismiss the petition, and in response Peters raised an ineffective assistance of counsel claim for the first time. Id. The court of common pleas dismissed the petition without a hearing, finding that Peters waived his jurisdiction, warrant, and unlawful entry claims by failing to raise objections to those issues during the violation of probation hearing. Peters, 241 A.3d at 374. The court also found that Peters waived his ineffective assistance of counsel claim by failing to move for leave to file an amended PCRA petition. Id. Peters appealed, and the Pennsylvania Superior Court affirmed on October 7, 2020. Id.

Peters filed a second PCRA petition on November 9, 2020, raising claims of ineffective assistance of counsel during the violation of probation hearing. Peters, 266 A.3d at 603. The court of common pleas dismissed the second PCRA petition on March 11, 2021, and the superior court affirmed on October 1, 2021, noting that the claims were deemed waived in the first PCRA proceeding. Id. at 603-04.

Peters filed the instant petition on August 22, 2022, and the court received and docketed the petition on August 29, 2022. (Doc. 1 at 15). Peters seeks to invalidate his violation of probation conviction because (1) the Dauphin County probation officers did not have jurisdiction to arrest him in Perry County; (2) the officers did not have a warrant to arrest him; (3) there was no probable cause or reasonable suspicion to support a warrant for his arrest; and (4) the officers did not have permission to enter his residence. (Id. at 5-10).

On September 14, 2022, we issued an order under Bendolph, 409 F.3d at 155, requiring Peters to show cause as to why the petition should not be dismissed as

3

untimely.  (Doc. 10).  Peters moved to stay the case on September 22, 2022, representing that he "currently ha[s] a PCRA" petition pending in the court of common pleas "to give the commonwealth a chance to correct [its] errors."  (Doc. 11).  A review of the court of common pleas' docket indicates that Peters filed a "PCRA motion" on August 17, 2022.  See Commonwealth v. Peters, No. CP-22-CR-0003893-2008 (Dauphin Cty. Aug. 17, 2022).

On September 22, 2022, Peters filed an amended petition, asserting that he is entitled to habeas corpus relief because "four Dauphin County parole and probation officers" violated his constitutional rights and because his counsel during the violation of probation hearing was ineffective.  (Doc. 12).  We liberally construe the first claim as raising the same jurisdiction, arrest warrant, probable cause, and unlawful entry claims that Peters raised in his original petition.  Peters responded to the court's Bendolph order on October 19, 2022, arguing that based on his August 17, 2022 motion in the court of common pleas, the instant petition should not be dismissed as untimely.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.

**III.   Discussion**

We will first address the issue of timeliness.  Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  Id. § 2244(d)(2).

We conclude that Peters' petition is timely.  His violation of probation sentence became final on December 2, 2019, the last date by which he could appeal the judgment to the Pennsylvania Superior Court.  See Peters, 266 A.3d at 603; PA. R. APP. P. 903.  Under Section 2244, he had one year from that date to timely file his federal petition.  See 28 U.S.C. § 2244(d)(1)(A).

Peters timely filed his first PCRA petition on January 16, 2020, which tolled the limitations period pursuant to Section 2244(d)(2).  See Peters, 241 A.3d at 374. At that time, 46 days had elapsed towards the end of the limitations period.  The

limitations period remained tolled until November 6, 2020, the last date on which Peters could move for leave to appeal the dismissal of his first PCRA petition to the Pennsylvania Supreme Court. See id.; PA. R. APP. P. 1113. He filed his second timely PCRA petition three days later, on November 9, 2020, again tolling the limitations period. See Peters, 266 A.3d at 603. At that time, 49 days had elapsed towards the end of the limitations period. The limitations period remained tolled until November 1, 2021, the last date on which he could seek review before the Pennsylvania Supreme Court. Thus, because 49 days had previously elapsed towards the end of the limitations period, Peters was required to file his petition within 316 days of November 1, 2021, or no later than September 13, 2022. His petition, which was filed on August 22, 2022, is therefore timely.

We nonetheless find that dismissal of Peters' petition is appropriate under Rule 4 for failure to exhaust state court remedies. Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842.

Peters has failed to exhaust state court remedies. All of his claims have been deemed waived by the Pennsylvania Superior Court and have not been considered on their merits. See Peters, 266 A.3d at 603-04; Peters, 241 A.3d at 374.

In light of the failure to exhaust state court remedies, we consider whether the claims are procedurally defaulted. Habeas corpus claims are procedurally

defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).

Although it appears that Peters' claims are procedurally defaulted because an independent and adequate state procedural rule barred review on the merits, we will not deem the claims procedurally defaulted. The record indicates that Peters has filed a motion in the PCRA proceeding in an attempt to correct purported legal errors. See Peters, No. CP-22-CR-0003893-2008; (Doc. 11). There remains a possibility that this motion will be granted. Hence, based on the record before us, we cannot conclude that Peters' claims are procedurally defaulted, and federal courts that are uncertain as to whether unexhausted claims are procedurally defaulted should dismiss the claims without prejudice for failure to exhaust. Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000).

Finally, we address Peters' motion to stay, which seeks to stay this case pending the PCRA court's review of his motion. (Doc. 11). Federal habeas courts may stay proceedings pending an attempt to exhaust state court remedies "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." See Rhines v. Weber, 544 U.S. 269, 278 (2005). Peters has not advanced any argument as to why there is good cause for his

7

failure to exhaust state court remedies and we harbor doubts as to the presence of good cause, so we will deny the motion to stay.

## IV. Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies and deny the motion to stay. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ C<span style="font-variant:small-caps">hristopher</span> C. C<span style="font-variant:small-caps">onner</span><br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    November 9, 2022